11 JOHNSON, J.,
would deny the writ application for the following reasons:
It is clear that pursuant to Supreme Court Rule XIX, §§ 28[1] and 29,[2] the ODC *23 |2has the power to request the financial records of a lawyer. However, in this case, the Office of Disciplinary Counsel (“ODC”) served Hibernia National Bank with a subpoena duces tecum, requesting records from Mr. Estiverne’s client account. The account number listed on the subpoena was incorrect, so Hibernia’s employee, Brion Workman, telephoned the ODC. Following a conversation with Eric Barefield, the deputy disciplinary counsel listed on the subpoena, Mr. Workman forwarded to the ODC copies of statements from Mr. Estiverne’s client account, as well as statements from Mr. Estiverne’s and his wife’s personal account.
The dissenting court of appeal opinion states, in pertinent part:
In the case at bar, plaintiff/respondent, Nicholas Estiverne, was aware of the subpoena issued by disciplinary counsel to Hibernia Bank.... The plaintiff/respondent, if he did not want the records produced, was obligated to attempt to quash of [sic] the subpoena. Mr. Esti-verne failed to try to quash the subpoena.
Whether Mr. Estiverne was “aware of the subpoena issued” by the ODC is of no moment, as the request for records from the personal account was not contained in the subpoena. The failure to give Mr. Estiverne notice that the ODC was requesting financial records 2’egarding his and his wife’s personal account served to deprive him of the right to attempt to quash the subpoena.
For the foregoing reasons, I would deny the bank’s writ application, and allow the trial court’s decision to stand.

. Supreme Court Rule XIX, § 28 provides in pertinent part:
B. Access to Lawyers' Financial Account Records. Every lawyer practicing or admitted to practice law in Louisiana shall, as a condition thereof, be conclusively deemed to have consented to the production by the depository institution of records of all financial accounts maintained by the lawyer in any bank or similar institution.
C. Request for Production of Records. A request by disciplinary counsel directed to a bank or other financial institution for production of records pursuant to this Section shall certify that the request is issued in accordance with the requirements of this Section and Section 29 of these Rules of Lawyer Disciplinary Enforcement.

. Supreme Court Rule XIX, § 29 provides:
A. Generally. Whenever disciplinary counsel has probable cause to believe that finan *23 cial accounts of a lawyer that contain, should contain, or have contained funds belonging to clients or third parties have not been properly maintained or that the funds have not been properly handled, disciplinary counsel shall request the approval of the chair of a hearing committee selected in order from the roster established by the board to initiate an investigation for the purpose of verifying the accuracy and integrity of all accounts maintained by the lawyer in any bank or similar institution. If the reviewing member approves, counsel shall proceed to verify the accuracy of the financial accounts. If the reviewing member denies approval, counsel may submit the request for approval to one other chair of a hearing committee selected in order from the roster established by the board. B. Confidentiality. Investigations, examinations, and verifications shall be conducted so as to preserve the private and confidential nature of the lawyer's records insofar as is consistent with these rules and the lawyer-client privilege.